UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREG HAGEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13-CV-2522 (CEJ) |
| ) | |
| DENNIS J. BARTON, III, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motions of defendant Dennis J. Barton, III, to dismiss for lack of subject-matter jurisdiction and for failure to state a claim for relief. Plaintiff has filed responses in opposition to the motions and the issues are fully briefed.

### I.  **Background**[1]

Plaintiff Greg Hageman challenges actions taken by defendant to collect a debt allegedly owed for medical services plaintiff received at St. Anthony's Medical Center. Roger Weiss and Consumer Adjustment Company, Inc. (CACI), who were named as defendants in this case,[2] acquired St. Anthony's medical debts, pursuant to Mo.Rev.Stat. §425.300. Compl. ¶¶ 17, 24. Approximately 30 days before October 26, 2012, Barton contacted plaintiff by mail and telephone to collect the debt, stating that he represented St. Anthony's. Id. ¶¶ 26-27. On October 26, 2012, Barton filed a lawsuit styled "St. Anthony's Medical Center v. Gregory Hageman" in the Circuit Court of St. Louis County, seeking payment for services valued at $1,510.35 and stating that

---

[1]The Court assumes that the factual allegations in plaintiff's complaint are true for purposes of this motion.

[2]Plaintiff dismissed all claims against Weiss and CACI.

demand for payment had been made on December 12, 2011.  Id. ¶ 34; Def. Ex. A, Petition on Account ¶¶ 7-8 [Doc. #22-1].  On December 5, 2012, default judgment was entered against plaintiff in the principal amount of $1,510.35 plus interest in the amount of $135.56.  Def. Ex. B, Judgment [Doc. #22-2].  Plaintiff alleges that the default judgment was improper because Barton brought suit in St. Anthony's name when he was acting on behalf of Weiss and CACI.  He further alleges that the interest charge in the default judgment was "illicit" because it was based on a false demand date and because plaintiff's agreement with St. Anthony's did not allow for interest and penalty charges.  Compl. ¶¶ 36, 38-40, 42-44, 46.

On March 26, 2013, Barton filed the St. Louis County judgment in the Circuit Court of Madison County, Illinois, and initiated garnishment of plaintiff's wages.  Def. Exs. C & D [Docs. #22-3 & #22-4].  Plaintiff asserts that the garnishment proceedings were improper because he does not live or work in Madison County, Illinois, and because Barton improperly purported to be collecting a debt on behalf of St. Anthony's. ¶¶ 49-50, 52-54.  On December 4, 2013, the Madison County Circuit Court entered a wage deduction judgment against plaintiff's employer in Columbia, Illinois and imposed a lien on plaintiff's wages in the amount of $2,068.96. Def. Ex. D.  Plaintiff alleges that defendant Barton improperly deposited the garnished wages into his own bank account.  ¶¶ 67-68.

Plaintiff learned in December 2013 that Barton did not actually represent St. Anthony's and filed this action, asserting claims for violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq*. (Count I), for abuse of process (Count II) and conversion (Count III).

### II. Motion to Dismiss for Lack of Jurisdiction

Defendant argues that the Court lacks subject-matter jurisdiction because of the Rooker-Feldman doctrine.[3] District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Under this doctrine, federal district courts lack subject-matter jurisdiction in actions seeking review and rejection of state court judgments. Skit Int'l, Ltd. v. DAC Technologies of Arkansas, Inc., 487 F.3d 1154, 1157 (8th Cir. 2007). However, the doctrine does not bar federal district courts from considering claims "attacking an adverse party's actions in obtaining and enforcing that [state-court] decision." MSK EyEs Ltd. v. Wells Fargo Bank, N.A., 546 F.3d 533, 539 (8th Cir. 2008). Thus, "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, Rooker–Feldman bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, Rooker–Feldman does not bar jurisdiction." Riehm v. Engelking, 538 F.3d 952, 965 (8th Cir. 2008). Consequently, Rooker–Feldman does not bar an FDCPA claim challenging only a defendant's debt-collection practices, without challenging the validity of the state-court judgment. See, e.g., Ness v. Gurstel Chargo, P.A., 933 F. Supp. 2d 1156, 1162 (D. Minn. 2013) (listing cases); Smith v. Kramer & Frank, P.C., 4:09CV802 FRB, 2009 WL

---

[3]Defendant first asserted his Rooker-Feldman argument in his second motion to dismiss. Plaintiff asserts that the Court should not countenance this piecemeal approach to litigation. However, as plaintiff acknowledges, the Rooker-Feldman doctrine implicates subject-matter jurisdiction, which the court has an independent duty to determine, no matter when the issued is raised. See City of Kansas City, Mo. v. Yarco Co., Inc., 625 F.3d 1038, 1040 (8th Cir. 2010) (reviewing subject matter jurisdiction raised for first time on appeal and on court's own motion). See also, Fed. R. Civ. P. 12(h)(3) ("If the court determines **at any time** that it lacks subject-matter jurisdiction, the court must dismiss the action.")(emphasis added)

4725285, at *2-3 (E.D. Mo. Dec. 2, 2009) (rejecting Rooker-Feldman challenge to FDCPA claims).

Here, plaintiff alleges that defendant violated the FDCPA by filing lawsuits allegedly on behalf of St. Anthony's when CACI and Weiss were the real parties in interest; attempting to collect amounts that included an inflated principal balance, and inflated and illusory interest charges and costs; filing suit against him in an improper judicial district; garnishing funds "under the guise that the garnishor was St. Anthony's Medical Center;" and engaging in false, deceptive, harassing, and unfair conduct while representing that St. Anthony's, rather than CACI and Weiss, was the real party in interest. These allegations attack defendant's practices in collecting debts rather than the underlying state-court judgments and are not barred by the Rooker-Feldman doctrine. Defendant's motion to dismiss for lack of jurisdiction will be denied.

### III. Motion to Dismiss for Failure to State a Claim

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint

must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 550 U.S. at 570. See also id. at 563 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

When ruling on a motion to dismiss, a court generally may not consider matters outside the pleadings. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citations omitted). It may, however, consider some public records, materials that do not contradict the complaint, exhibits attached to the pleadings, or materials that are necessarily embraced by the complaint. Mills v. City of Grand Forks, 614 F.3d 495, 498 (8th Cir. 2010). In this case, defendant filed copies of St. Anthony's assignment of its claim to CACI; the judgment entered in the St. Louis County Circuit Court; and documents filed in the Madison County Circuit Court garnishment action. The court documents are public records that the Court may consider in ruling on the motion to dismiss and the debt assignment is material necessarily embraced by plaintiff's complaint and it, too, may be considered.

### A. FDCPA Claims

Plaintiff alleges that defendant's conduct violated the following sections of the FDCPA: § 1692d (barring debt collectors from engaging in harassment or abuse); § 1692e (prohibiting debt collectors from using "any false, deceptive, or misleading representations or means in connection with collection of any debt"); § 1692f (barring "unfair practices" including, as relevant here, collecting any amount not authorized by the agreement creating the debt or authorized by law); and § 1692i(a)(B) (specifying

that suits to collect on a debt may be brought, as relevant here, only in the judicial district in which the consumer resides).

### 1. Statute of Limitations

Plaintiff filed this action on December 19, 2013. Defendant argues that plaintiff's FDCPA claims based on his letter and phone calls in September 2012 are barred by the FDCPA's statute of limitations, which provides that an action must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Plaintiff concedes that his claims based on debt-collection activities undertaken in 2012 are time-barred but argues that he is entitled to equitable tolling because Barton engaged in deceptive conduct. However, in the Eighth Circuit, the FDCPA's statute of limitations is considered jurisdictional and cannot be equitably tolled. Mattson v. U.S. W. Commc'ns, Inc., 967 F.2d 259, 262 (8th Cir. 1992); McCarty v. Barton, 4:13CV2562 JCH, 2014 WL 2958165, at *2 (E.D. Mo. July 1, 2014); Young v. LVNV Funding LLC, 4:12CV01180 AGF, 2013 WL 4551722, at *3 (E.D. Mo. Aug. 28, 2013). Thus, plaintiff's claims based on the 2012 letter and phone call are time-barred.

Plaintiff's claims arising from the St. Louis County lawsuit are also time-barred: That lawsuit was filed on October 26, 2012 and default judgment was entered on December 5, 2012. Plaintiff did not file his FDCPA action until December 19, 2013. See Harris v. Barton, 4:13CV02516 AGF, 2014 WL 3701037, at *3 (E.D. Mo. July 25, 2014) (claims arising from state lawsuit brought in name of St. Anthony's barred by FDCPA's one-year statute of limitations). Even if § 1692k were subject to equitable tolling, plaintiff is not entitled to such tolling in this case because he has not demonstrated that he was diligent in pursuing his rights. Id. at n.2 (party seeking equitable tolling bears the burden of showing (1) that he has been pursuing his rights

diligently, and (2) that some extraordinary circumstance stood in his way) (quoting Credit Suisse Sec. (USA) LLC v. Simmonds, 132 S. Ct. 1414, 1419 (2012)). Thus, defendant's motion to dismiss will be granted with respect to plaintiff's claims based on the 2012 letter, phone call, and lawsuit filed in St. Louis County Circuit Court. This dismissal encompasses plaintiff's claims that defendant improperly filed suit in St. Louis County on behalf of St. Anthony's as the real party in interest, claimed to be representing St. Anthony's rather than CACI and Weiss, and misstated the date on which demand was made in order to increase the amount of interest owed on the original debt. Furthermore, because plaintiff failed to timely challenge defendant's actions with respect to the St. Louis County action, and Rooker-Feldman prevents him from challenging the legitimacy of the state court judgment, plaintiff cannot succeed on his claims that defendant wrongfully attempted to collect the full amount of the default judgment or misrepresented the real parties in interest in doing so.

**2.   FDCPA Venue**

Plaintiff contends that defendant violated the FDCPA's venue provision by registering the judgment and seeking garnishment in Madison County, Illinois. See Compl. ¶ 74(b). The FDCPA venue provision states in relevant part that "Any debt collector who brings <u>any legal action on a debt against any consumer</u> shall . . . bring such action only in the judicial district or similar legal entity (A) in which the consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a)(2) (emphasis added). It is undisputed that the debt was incurred in St. Louis County and that plaintiff did not reside in Madison County when the garnishment action was filed.

The parties dispute whether the phrase "any legal action on a debt against any consumer" applies to the registration of judgment and garnishment proceedings. Plaintiff cites Fox v. Citicorp Credit Servs., Inc., 15 F.3d 1507 (9th Cir. 1994), in which the Ninth Circuit held that the FDCPA venue provision applied to a garnishment proceeding. The court rejected Citicorp's assertion that a writ of garnishment is not a "legal action on a debt" for purposes of the FDCPA, noting that the statute defines "debt" as "any obligation . . . of a consumer to pay money . . . whether or not such obligation has been reduced to judgment." Id. at 1515 (quoting 15 U.S.C. § 1692a(5)). The court in Fox did not address the "against any consumer" language in § 1692i. Schuback v. Law Offices of Phillip S. Van Embden, P.C., No. 1:12-CV-320, 2013 WL 432641, at *3 (M.D. Penn. Feb. 1, 2013).

Defendant does not dispute that the challenged proceedings constitute "legal actions on a debt" but argues that § 1692i(a) does not apply because the actions were brought against plaintiff's employer and not the consumer. Defendant relies on Smith v. Solomon & Solomon, P.C., 714 F.3d 73 (1st Cir. 2013), in which the court considered whether the FDCPA controlled the choice of venue in a post-judgment enforcement action to recover a debt under Massachusetts law. In Smith, as here, the debt collectors obtained a default judgment against the consumer and then filed a collection action in the judicial district in which her employer was located. The First Circuit found that, under Massachusetts law, collection actions are directed against a third-party, not the debtor. Id. at 75. The court rejected the argument that the state statutory scheme conflicted with the FDCPA:

> The Congressional concern underlying the FDCPA venue provision was that a debt collector would file in an inconvenient forum, obtain a default judgment, and thereby deny the consumer an opportunity to defend herself. See S. Rep. No. 95-382, at 5 (1977) . . . That concern is not

-8-

present in the case of a post-judgment enforcement proceeding under
Massachusetts . . . law. The original suit to collect on the debt occurred
in a forum that was convenient for [the debtor], and she had an
opportunity to defend herself against it. She was not, in the words of
Congress, "denied [her] day in Court." Id.

Smith, 714 F.3d at 76.

Similarly, in Schuback, the court examined the state's writ of execution statutes and determined that a post-judgment enforcement action was not an action "against [the] consumer" for the purposes of the FDCPA's venue provision. 2013 WL 432641, at *5. "To hold that notice of the writ of execution to Schuback constitutes a legal action against him for the purposes of the FDCPA would, indeed, be a 'legal stretch.'" Id. at *6 (citation omitted). The court found persuasive the Federal Trade Commission's view that, "[i]f a judgment is obtained in a forum that satisfies the requirements of this section, it may be enforced in another jurisdiction, because the consumer previously has had the opportunity to defend the original action in a convenient forum." Id. at *6 n.4 (quoting Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50109 (Dec. 13, 1988)).

The Court agrees with the reasoning in Smith and Schuback and concludes that the garnishment action filed in Madison County, Illinois,[4] is not an action against a consumer for the purposes of the FDCPA's venue provision. First, the wage deduction proceedings were clearly directed to plaintiff's employer: plaintiff's employer was served with and answered interrogatories and a wage deduction judgment was entered

---

[4] Plaintiff's employer was located in Columbia, Illinois, and thus was outside Madison County. However, under the Illinois Uniform Enforcement of Foreign Judgments Act, a foreign judgment "may be filed in the office of the circuit clerk for any county" of the state. 735 Ill. Comp. Stat. 5/12-652(a).

against plaintiff's employer. See Def. Ex. D ¶ 3 ("[A] Wage Deduction judgment is entered against Employer"); see also 735 Ill. Comp. Stat. 5/12-805 (a) (directing clerk of court to issue summons against employer). Furthermore, an action under the Illinois statute does not implicate the FDCPA's venue concerns, because plaintiff had the opportunity to contest the debt in St. Louis County when the original action was filed and he was not denied his day in court. See Smith, 714 F.3d at 76 (Congressional concern that inconvenient forum would deny consumer opportunity to defend not present under state action to enforce judgment). Third, accepting plaintiff's argument would forestall execution and garnishment of a lawfully-entered judgment against any consumer who happens to live and work in different judicial districts. See id. at 77 ("We do not read the FDCPA as mandating such a strange result."). Plaintiff's claims that defendant violated the FDCPA by seeking garnishment of his wages in Illinois will be dismissed.

### B. Supplemental State Law Claims

For the reasons stated above, plaintiff's claims under the FDCPA will be dismissed. The Court's subject-matter jurisdiction in this action is premised on the FDCPA claim. See Compl. ¶5. Jurisdiction over the state-law claims is based on the supplemental jurisdiction statute, 28 U.S.C. § 1367 (providing jurisdiction over state-law claims forming part of the same "case or controversy" as federal claims). The exercise of supplemental jurisdiction is discretionary, and "where all federal claims have been dismissed prior to trial, the factors to be considered in deciding whether to exercise such jurisdiction—judicial economy, convenience, fairness, comity, and predominance of state issues—typically militate against doing so." A.W. v. Preferred Platinum Plan, Inc., 923 F. Supp. 2d 1168, 1172-73 (D. Minn. 2013) (citations omitted)

(declining to exercise supplemental jurisdiction over state law claims after dismissing FDCPA claims). Accordingly, the Court declines to exercise supplemental jurisdiction over the claims for abuse of process and conversion and those claims will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's first motion to dismiss [Doc. #19] is **granted**.

**IT IS FURTHER ORDERED** that defendant's second motion to dismiss [Doc. #34] is **denied**.

An separate order of dismissal will be entered.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 17th day of October, 2014.