UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREG HAGEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:13-CV-2522 (CEJ) |
| | ) |
| DENNIS J. BARTON, III, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to dismiss for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff has filed a response in opposition.

## I. Background

Plaintiff Greg Hageman incurred a debt to St. Anthony's Medical Center (St. Anthony's). Roger Weiss and Consumer Adjustment Company, Inc. (CACI), acquired the debt by assignment and hired defendant Dennis J. Barton, III, an attorney, to collect the debt. Defendant Barton filed a collection action against plaintiff in the Circuit Court of St. Louis County, styled St. Anthony's Med. Ctr. v. Gregory Hageman. A default judgment was entered against plaintiff after he failed to appear. Defendant then registered the judgment in the Circuit Court of Madison County, Illinois, under the incorrect caption of Sunshine Enterprises of Missouri d/b/a Sunshine Title and Check Loan v. Hageman. [Doc. #60-1 at 1, 3-4].

Defendant initiated wage garnishment proceedings, purportedly on behalf of St. Anthony's, in the Madison County court. Doc. #60-2. Plaintiff's employer was

served with and answered garnishment interrogatories. [Doc.#60-3]. On December 4, 2013, the Madison County court entered a wage deduction judgment against plaintiff's employer and directed the employer to withhold 15% of plaintiff's nonexempt wages and turn it over to St. Anthony's. [Doc. #60-4].

Plaintiff filed this action, alleging that defendant misrepresented the identity of the real parties in interest and attempted to collect inflated or illusory amounts of principal, interest, and costs. He asserts claims for violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq.*, abuse of process, and conversion. On March 27, 2014, defendant filed a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim for relief. While that motion was pending, defendant filed a motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction under the Rooker-Feldman doctrine. On October 17, 2014, the Court denied defendant's Rule 12(b)(1) motion and granted his Rule 12(b)(6) motion.

Plaintiff appealed, and on March 29, 2016, the Eighth Circuit Court of Appeals affirmed in part and reversed in part and remanded the action for further consideration of plaintiff's claims arising from the Illinois garnishment action.[1] On May 12, 2016, defendant filed a third motion to dismiss, arguing that plaintiff should have asserted his FDCPA claims in the Illinois garnishment action and, that the doctrines of issue and claim preclusion bar plaintiff from bringing his claims here.

---

[1] The Eighth Circuit affirmed the Court's determination that the Rooker-Feldman doctrine does not apply to plaintiff's claims; that plaintiff's FDCPA claims directed to the Missouri action were time barred; and that defendant did not violate the FDCPA's venue restriction, 15 U.S.C. § 1692i(a), by filing the garnishment action in Illinois.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Fed.R.Civ.P. 12(b)(6). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations."); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (stating that a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Scheuer, 416 U.S. at 236. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see id. at 563 (stating that the "no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45–46 (1957), "has earned its retirement"); see also Ashcroft v. Iqbal, 556 U.S. 662, 678–84 (2009) (holding that the pleading standard set forth in Twombly applies to all civil actions). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

## III. Discussion

"Except as provided in 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or

objection that was available to the party but omitted from its earlier motion."[2] Fed.R.Civ.P. 12(g)(2). The basis for defendant's present motion was available at the time he filed his first two motions, and Rule 12(g)(2) prevents him from presenting his preclusion claims in yet another motion to dismiss. See Jo Ann Howard & Associates, P.C. v. Cassity, No. 4:09CV01252 ERW, 2013 WL 797972, at *4 (E.D. Mo. Mar. 5, 2013) (denying successive motion to dismiss under Rule 12(g)(2)).

In addition to being barred on procedural grounds, defendant's preclusion arguments fail on the merits. "[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). Issue preclusion, also known as collateral estoppel, "is an equitable doctrine that precludes a party from relitigating an issue decided in a prior proceeding."[3] Illinois Health Maint. Org. Guar. Ass'n v. Dep't of Ins., 864 N.E.2d 798, 809 (Ill. Ct. App. 2007). Under claim preclusion, or *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."[4] Barr v. Bd. of Trustees of W. Illinois Univ., 796 F.3d 837, 839 (7th Cir.

---

[2] Failure to state a claim upon which relief may be granted may be raised in any pleading allowed or ordered under Rule 7(a), by a motion for judgment on the pleadings, or at trial. Fed.R.Civ.P. (h)(2). However, should a court determine at any time that it lacks subject matter jurisdiction, the court must dismiss the action. Fed.R.Civ.P. 12(h)(3).

[3] Under Illinois law, issue preclusion requires that: (1) the issue decided in the prior proceeding is identical to the one in the suit in question; (2) the prior adjudication was a final judgment on the merits; and (3) the party against whom the estoppel is asserted was a party or in privity with a party to the prior adjudication. Wakehouse v. Goodyear Tire & Rubber Co., 818 N.E.2d 1269, 1275 (Ill. Ct. App. 2004).

[4] The requirements for claim preclusion are: (1) a final judgment on the merits by a court of competent jurisdiction; (2) an identity of cause of action; and (3) an identity of the parties or their privies. Wakehouse, 818 N.E.2d at 1275.

4

2015) (internal quotations and citations omitted). As the party asserting preclusion, defendant "bears the heavy burden" of showing that the wage garnishment action precludes plaintiff's claims here. See BankFinancial, FSB v. Tandon, 989 N.E.2d 205, 210 (Ill. Ct. App. 2013) (addressing claim preclusion); St. Paul Fire & Marine Ins. Co. v. Lefton Iron & Metal Co., 694 N.E.2d 1049, 1057 (Ill. Ct. App. 1998) (addressing issue preclusion).

Both issue and claim preclusion require defendant to show that plaintiff was either a party or in privity with a party in the prior action. See Wakehouse, 818 N.E.2d at 1275. Defendant previously acknowledged that plaintiff was not a party to the garnishment action, see Doc. #31 at 9, and thus must establish that plaintiff was in privity with his employer in the garnishment action. "Privity generally exists when parties adequately represent the same legal interest." State Farm Fire & Cas. Co. v. John J. Rickhoff Sheet Metal Co., 914 N.E.2d 577, 588 (Ill. Ct. App. 2009). Defendant argues that plaintiff was in privity with his employer in the garnishment action because the employer's interests are "intertwined" with its employee's interests; the employer must answer interrogatories "on behalf of" the employee; and the employer must provide the employee with notice of the garnishment order. Doc. #60 at 7. This argument misapprehends the wage deduction proceedings.

Under the Illinois Wage Deduction Act, 735 ILCA 5/12-801 *et seq.*, the employer, not the judgment debtor, is commanded to appear in court and answer written interrogatories to determine the amount of a judgment debtor's nonexempt wages. 735 ILCA 5/12-805 (clerk of court "shall issue summons against the . . . employer commanding the employer to appear in the court and answer the interrogatories in writing under oath"). Similarly, a wage deduction order is entered

5

against the employer, not the judgment debtor. 735 ILCA 5/12-812. An employer who fails to comply with a wage deduction order is subject to liability for the amount owing on the judgment. 735 ILCA 5/12-808 (court shall enter conditional judgment against the employer for the balance due on the judgment). While a judgment debtor may challenge the employer's determination of nonexempt wages, 735 ILCA 5/12-811, there are no mechanisms by which employee, or the employer on his behalf, can challenge the amount of the underlying judgment. Thus, plaintiff's employer did not represent his interests in the wage deduction proceedings and there was no privity. Furthermore, plaintiff could not have asserted his FDCPA claims in the wage deduction action. See Todd v. Weltman, Weinberg & Reis, Co., L.P.A., 348 F. Supp. 2d 903, 911-12 (S.D. Ohio 2004) (6th Cir. 2006) (examining substantially similar Ohio wage garnishment law and determining that debtor could not raise "full panoply of remedies afforded by the FDCPA" in state garnishment action).

Defendant has not met his burden to show that plaintiff's claims are barred by the doctrines of claim and issue preclusion.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [Doc. # 59] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 9th day of June, 2016